UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STANFORD KING,**

      **Plaintiff,**

v.                                            Case No:   6:17-cv-1511-Orl-41GJK

**GOLD COAST USA, INC., GERALD HIERBERT and RAY WARREN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS THE ACTION WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **March 8, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART.**

### I.   FACTUAL BACKGROUND

On August 18, 2017, Plaintiff filed a complaint against Defendants alleging: 1) unpaid overtime under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*; and 2) unpaid wages under Florida common law.[1] Doc. No. 1 at 6-10. On November 1, 2017, Plaintiff filed his answers to the Court's interrogatories claiming $7,425.00 in unpaid overtime and $1,100.00 in

---

[1] Plaintiff originally brought this case as a collective action, but the case was never certified as one. Doc. No. 1 at ¶ 4.

unpaid wages. Doc. No. 18 at 4-5. On February 27, 2018, Plaintiff filed a notice of settlement. Doc. No. 24. On March 8, 2018, the parties filed a joint motion (the "Motion") requesting that the Court approve their settlement agreement (the "Agreement"), dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the Agreement. Doc. No. 25 at 8. The parties attach a copy of the Agreement in support. Doc. No. 25-1. For the reasons that follow, it is recommended that the Agreement be approved, the case be dismissed with prejudice, and the Court decline to retain jurisdiction to enforce the Agreement.

## II.     APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

>    (1) the existence of collusion behind the settlement;
>    (2) the complexity, expense, and likely duration of the litigation;
>    (3) the stage of the proceedings and the amount of discovery completed;
>    (4) the probability of plaintiff's success on the merits;
>    (5) the range of possible recovery; and
>    (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[3] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds Judge Presnell's reasoning persuasive.

### III. ANALYSIS

#### A. Settlement Amount

In his answers to the Court's interrogatories, Plaintiff claims $7,425.00 in unpaid overtime and $1,100.00 in unpaid wages for a total of $8,525.00. Doc. No. 18 at 4-5. The Agreement provides that Plaintiff will receive $2,500.00 for settling all of his claims. Doc. No. 25-1 at 1. Since Plaintiff is receiving less than the amount claimed, Plaintiff has compromised his FLSA claim. *Caseres v. Texas de Brazil (Orlando) Corp.*, No. 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 25 at 3, 6-7. Mindful of the uncertainty, costs, and risks associated with continued litigation, the parties decided to amicably resolve their dispute. *Id.* at 5. The parties were represented by counsel during the settlement negotiations. *Id.* at 4-5. Finally, the terms of the Agreement were the result of extensive negotiations without any coercion, collusion, or undue influence. *Id.* at 7. Considering the foregoing, along with the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B. Release Provision

The Agreement's release provision releases Defendants from "all claims … which are the subject matter of the lawsuit …" Doc. No. 25-1 at 1. This Court has required separate consideration for releases, but only when such releases are broad, general, or not limited to certain claims. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release). Here, the release provision is limited only to the claims that are the subject matter of this case. Doc. No. 25-1 at 1. Because of the Agreement's limited release, no separate consideration is required. Accordingly, the undersigned finds the Agreement's release provision to be fair and reasonable.

### C. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $5,640.00 in attorneys' fees and $760.00 in costs for a total of $6,400.00. Doc. No. 25-1 at 1-2. The parties represent that such amount "was agreed upon … independent of [Plaintiff's] underlying overtime compensation and final paycheck …" Doc. No. 25 at 7. Such a representation adequately establishes that the issue of

attorneys' fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Agreement's attorneys' fee provision to be fair and reasonable.

### D. Jurisdiction

The parties request that the Court dismiss Plaintiff's claims with prejudice but retain jurisdiction to enforce the terms of the Agreement. Doc. No. 25 at 8. This Court ordinarily denies requests to retain jurisdiction over the case after an FLSA settlement agreement has been found to be a fair and reasonable settlement of a plaintiff's FLSA claims. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994) (noting that "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). The parties have provided no compelling reasons why the Court should retain jurisdiction to enforce the terms of the Agreement or why pursuing an action in state court would not provide adequate relief. Accordingly, the undersigned finds no need for the Court to retain jurisdiction to enforce the terms of the Agreement.

### IV.   CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** the Motion (Doc. No. 25) as follows:

1) The Court should **APPROVE** the Agreement to the extent that the Court finds it to be a fair and reasonable resolution of Plaintiff's claims; and

2) The Court should decline to retain jurisdiction to enforce the Agreement; and

3) The Court should **DISMISS** the case with prejudice; and

4) The Court should **DIRECT** the Clerk to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on March 20, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy